USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___6/7/2016___

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

IN RE 2014 AVON PRODUCTS, INC.
ERISA LITIGATION

14 Civ. 10083 (LGS)

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT, PRELIMINARILY CERTIFYING A CLASS
FOR SETTLEMENT PURPOSES, APPROVING FORM AND MANNER
OF CLASS NOTICE, PRELIMINARILY APPROVING PLAN OF
ALLOCATION, AND SCHEDULING A DATE FOR A FAIRNESS HEARING**

WHEREAS this Action involves claims for alleged violations of the Employee Retirement
Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA") concerning the Avon Personal
Savings Account Plan's (the "Plan's") investment in the Avon Stock Fund.

WHEREAS Named Plaintiffs filed a motion on February 29, 2016, for preliminary
approval of a class action settlement and release, dated February 29, 2016, preliminarily certifying
a settlement class, approving a proposed notice plan and scheduling a fairness hearing.  Oral
argument was held on the motion on April 20, 2016.

WHEREAS, following oral argument, the Court issued a written Order on April 21, 2016,
requesting certain additional information, and modifications of the settlement agreement and
notices.  Class counsel responded on May 23, 2016, by filing a letter, and filing a new motion
seeking (1) preliminary approval of a proposed Amended Class Action Settlement Agreement and
Release, dated May 23, 2016 (the "Settlement Stipulation"), (2) preliminarily certifying the
settlement class; approving the proposed notice plan; scheduling a fairness hearing; and approving
a settlement administrator.

WHEREAS the terms of the Settlement are set out in the Settlement Stipulation.[1]

_____

[1] All capitalized terms not otherwise defined in this Order have the same meaning as in the
Settlement Stipulation.

`

Upon reviewing the Settlement Stipulation and related filings, it is hereby **ORDERED, ADJUDGED, AND DECREED** as follows:

1.      **Preliminary Certification of the Settlement Class.**   In accordance with the Settlement Stipulation, and pursuant to Rules 23(a) and 23(b)(1) and (b)(2) of the Federal Rules of Civil Procedure, the following class ("Settlement Class") is conditionally certified for Settlement purposes only:

> All Persons who were participants in or beneficiaries of the Avon Savings Plan at any time from July 31, 2006 through February 29, 2016 (the "Class Period"), and whose Plan accounts included investments in the Avon Stock Fund.

2.      The Court preliminarily appoints the Named Plaintiffs as the representatives for the Settlement Class, and appoints Zamansky LLC and Stull, Stull & Brody as Class Counsel for the Settlement Class.

3.      Pursuant to the Settlement Stipulation, and for Settlement purposes only, the Court preliminarily finds that:

(a)      as required by FED. R. CIV. P. 23(a)(1), the Settlement Class is ascertainable from records kept with respect to the Plan and from other objective criteria, and the Settlement Class is so numerous that joinder of all members is impracticable;

(b)      as required by FED. R. CIV. P. 23(a)(2), the Settlement Class members' claims depend on common issues of law and fact;

(c)      as required by FED. R. CIV. P. 23(a)(3), the claims of the Named Plaintiffs are typical of the claims of the Settlement Class;

(d)      as required by FED. R. CIV. P. 23(a)(4), the Named Plaintiffs will fairly and adequately protect the interests of the Settlement Class in that:  (i) the interests of the Named Plaintiffs and the nature of the alleged claims are consistent with those of the Settlement Class; (ii)

`

there appear to be no conflicts between or among the Named Plaintiffs and the Settlement Class; and (iii) the Named Plaintiffs will fairly and adequately protect the interests of the Settlement Class;

(e)   as required by FED. R. CIV. P. 23(b)(1), the prosecution of separate actions by individual members of the Settlement Class would create a risk of:  (i) inconsistent or varying adjudications as to individual Settlement Class members that would establish incompatible standards of conduct for the parties opposing the claims asserted in this Action; or (ii) adjudications as to individual Settlement Class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications, or substantially impair or impede the ability of such persons to protect their interests;

(f)   as required by FED. R. CIV. P. 23(b)(2), the Named Plaintiffs allege that the Defendants have acted or refused to act on grounds that apply generally to the Settlement Class, so final injunctive relief or corresponding declaratory relief is appropriate respecting the Settlement Class as a whole; and

(g)   as required by FED. R. CIV. P. 23(g), Class Counsel is capable of fairly and adequately representing the interests of the Settlement Class, and Class Counsel:  (i) have done appropriate work identifying or investigating potential claims in the Action; (ii) are experienced in handling class actions; and (iii) have committed the necessary resources to represent the Settlement Class.

4.   **Preliminary Approval of Proposed Settlement** -- The Settlement Stipulation is hereby preliminarily approved as fair, reasonable and adequate.  This Court preliminarily finds that:  (a) the Settlement resulted from serious, informed, extensive and arms'-length negotiations with the assistance of a mediator; (b) the Settlement Stipulation was executed only after Class

`

Counsel had conducted appropriate investigation and discovery regarding the strengths and weaknesses of the Named Plaintiffs' claims; (c) Class Counsel represent that they believe that the Settlement is fair, reasonable and adequate; and (d) the Settlement is in the best interest of the Named Plaintiffs and the Settlement Class.  The Court finds that those whose claims would be settled, compromised, dismissed, or released pursuant to the Settlement should be given notice and an opportunity to be heard regarding final approval of the Settlement and other matters.

5.      **Preliminary Injunction** -- The Court preliminarily enjoins:  (i) Plaintiffs from bringing in any forum any of Plaintiffs' Released Claims against Defendants' Releasees; and (ii) Defendants from bringing in any forum any Defendants' Released Claims against Plaintiffs' Releasees.

6.      **Settlement Administrator --** Class Counsel is hereby authorized to retain A.B. Data as the Settlement Administrator and to supervise and to administer the effectuation of the Notice Plan by the Settlement Administrator.

7.      **Fairness Hearing** -- A hearing is scheduled for October 11, 2016 at 10:30 in the morning, in Courtroom 1106, Thurgood Marshall Federal Courthouse, 40 Foley Square, New York, New York 10007, or any day and place otherwise ordered by the Court, to make a final determination, concerning among other things:

- Whether the Settlement merits final approval as fair, reasonable and adequate;

- Whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement;

- Whether the Notice Plan proposed by the Parties:  (i) constitutes the best practicable notice; (ii) constitutes notice reasonably calculated, under the circumstances, to apprise Settlement Class members of the pendency of the litigation, their right to

`

object to the Settlement, and their right to appear at the Fairness Hearing; (iii) is reasonable and constitutes due, adequate and sufficient notice to all persons entitled to notice; and (iv) meets all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law;

- Whether Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement;

- Whether the proposed Plan of Allocation should be approved;

- Whether Class Counsel's application(s) for attorneys' fees and expenses and Case Contribution Award to the Named Plaintiffs is fair and reasonable and should be approved; and

- Whether the Defendants complied with the Class Action Fairness Act of 2005 ("CAFA").

8.  **Notice to the Settlement Class** -- The Parties have presented to the Court a proposed form of Class Notice and Summary Notice.  Attached hereto as Exhibits A and B, respectively, are the forms of notice with modifications proposed by the Court.  With such modifications, the Court finds that both such forms of notice fairly and adequately:  (a) describe the terms and effects of the Settlement Stipulation, the Settlement, and the Plan of Allocation; (b) notify the Settlement Class that Class Counsel will seek attorneys' fees and reimbursement of expenses to be paid from the Qualified Settlement Fund, payment of the costs of administering the Settlement from the Qualified Settlement Fund, and for a Case Contribution Award of up to $5,000 each for the Named Plaintiffs for their services in such capacity to be paid from the Qualified Settlement Fund; (c) give notice to the Settlement Class of the time and place of the Fairness Hearing; and (d) describe how the recipients of the Class Notice may object to any of the relief

`

requested.  The Parties have proposed the following manner of communicating the Class Notice to members of the Settlement Class, and the Court finds that such proposed manner is the best notice practicable under the circumstances.  Accordingly, the Court directs that Class Counsel shall, no later than July 22, 2016:

- Cause the Class Notice, with such non-substantive modifications thereto as may be agreed upon by the Parties, to be provided by first-class mail, postage prepaid, to the last known address of each Settlement Class member who can be identified through reasonable effort;

- Cause the Class Notice to be published on the website identified in the Class Notice, which will also host and make available copies of all Settlement-related documents, including the Settlement Stipulation, and litigation-related documents, including the Complaint; and

- Cause the Summary Notice to be published in *USA Today* and on *PR Newswire*.

9.     **Petition for Attorney's Fees and Litigation Expenses and Case Contribution Awards** -- Any petition by Class Counsel for attorneys' fees, reimbursement of litigation expenses and a Case Contribution Award to the Named Plaintiffs, and all briefs in support thereof, shall be filed no later than September 5, 2016.  No pre-motion conference shall be required for the motion papers contemplated by this paragraph.

10.     **Briefs in Support of Final Approval of the Settlement** -- Briefs and other documents in support of Final Approval of the Settlement shall be filed no later than September 5, 2016.  No pre-motion conference shall be required for the motion papers contemplated by this paragraph.

`

11.     **Objections to Settlement** -- Any member of the Settlement Class or authorized recipient of any CAFA Notice may file an objection to the fairness, reasonableness, or adequacy of the Settlement, to any term of the Settlement Stipulation, to the Plan of Allocation, to the proposed award of attorneys' fees and reimbursement of litigation expenses, the payment of costs of administering the Settlement, or to any motion for a Case Contribution Award.  An objector must file with the Court Clerk a statement of his, her, or its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support and/or evidence that such objector wishes to bring to the Court's attention or introduce in support of such objection.  The objector also must serve copies of the objection and all supporting law and/or evidence on Class Counsel and counsel for Defendants, but service upon Class Counsel and counsel for Defendants may be effectuated by electronic mail.  The addresses for filing objections with the Court and serving objections on counsel are as follows:

**For Filing:**

Clerk of the Court
Daniel Patrick Moynihan
U.S. Courthouse
500 Pearl Street
New York, New York 10007

Re:  IN RE 2014 AVON PRODUCTS, INC. ERISA
LITIGATION, No. 14 Civ. 10083 (LGS)

| **To Class Counsel:** | **To Defendants' Counsel:** |
|---|---|
| Jacob H. Zamansky | Russell L. Hirschhorn |
| Samuel Bonderoff | PROSKAUER ROSE LLP |
| ZAMANSKY LLC | Eleven Times Square |
| 50 Broadway, 32nd Floor | New York, NY 10036 |
| New York, NY 10004 | Telephone:  (212) 969-3286 |
| Telephone: (212) 742-1414 | Facsimile: (212) 969-2900 |
| Facsimile: (212) 742-1177 | rhirschhorn@proskauer.com |
| jake@zamansky.com | |
| samuel@zamansky.com | |

`

Michael J. Klein                      Howard Shapiro
STULL, STULL & BRODY                  PROSKAUER ROSE LLP
6 East 45th Street                    650 Poydras Street, Suite 1800
New York, NY 10017                    New Orleans, LA 70130
Telephone: (212) 687-7230             Telephone:  (504) 310-4085
Facsimile: (212) 490-2022             Facsimile: (504) 310-2022
mklein@ssbny.com                      howshapiro@proskauer.com


Any objector or his, her, or its counsel must serve copies of the objection(s) (together with any supporting materials) on counsel listed above and file the objection(s) and supporting materials with the Court no later than September 22, 2016.  If an objector hires an attorney to represent him, her, or it for the purposes of making an objection pursuant to this paragraph, the attorney also must serve a notice of appearance on counsel listed above and file it with the Court no later than September 22, 2016.  Any Settlement Class member or other person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred.  Any responses to objections shall be filed with the Court and served on opposing counsel no later than September 29, 2016.  There shall be no reply briefs.

12.     Any additional briefs the Parties may wish to file in support of the Settlement shall be filed no later than September 29, 2016.

13.     **Appearance at Fairness Hearing** -- Any objector who files and serves a timely, written objection also may appear at the Fairness Hearing either in person or through qualified counsel retained at the objector's expense.  Objectors or their attorneys intending to appear at the Fairness Hearing must serve a notice of intention to appear (and, if applicable, the name, address, and telephone number of the objector's attorney) on Class Counsel and Defendants' counsel (at the addresses set out above) and file it with the Court by no later than September 22, 2016.  Any objector who does not timely file and serve a notice of intention to appear in accordance with this

8

`

paragraph shall not be permitted to appear at the Final Approval Hearing, except for good cause shown.

14. **Notice Expenses** -- The expenses of the Notice Plan required herein shall be paid from the Qualified Settlement Fund as described in and limited by the Settlement Stipulation.

15. **Service of Objections On Opposing Counsel** -- Defendants' counsel and Class Counsel shall promptly furnish each other with copies of any and all Objections to the Settlement that come into their possession.

16. **Termination of Settlement** -- This Order shall become null and void, *ab initio*, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions as of December 10, 2015, the day immediately prior to the execution of the Term Sheet, if the Settlement is terminated in accordance with the terms of the Settlement Stipulation.

17. **Use of Order** -- This Order shall not be construed or used as an admission, concession, declaration, or waiver by any Party of any arguments, defenses, or claims he, she, or it may have.  Moreover, the Settlement Stipulation and any proceedings taken pursuant to the Settlement Stipulation are for settlement purposes only.  Neither the fact of, nor any provision contained in, the Settlement Stipulation or its exhibits, nor any actions taken thereunder, shall be construed as, offered into evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or admission of any kind as to the truth of any fact alleged or validity of any claim or defense that has been, could have been, or in the future might be asserted.

18. **Jurisdiction** -- The Court hereby retains jurisdiction for purposes of implementing the Settlement, and reserves the power to enter additional orders to effectuate the fair and orderly

`

administration and consummation of the Settlement as may from time to time be appropriate, and to resolve any and all disputes arising thereunder.

19.     **Continuance of Fairness Hearing** -- The Court reserves the right to continue the Fairness Hearing without further written notice.

SO ORDERED this  7  day of  June , 2016.


LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE